IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KEVIN J. MERRITT,                    )
                                     )
            Petitioner,              )
                                     )
vs.                                  )         Case No. CIV-09-1110-HE
                                     )
JANE STANDIFIRD,                     )
                                     )
            Respondent.              )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C.

§ 2254, seeking habeas relief from his state court convictions.  United States District Judge

Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The petition has been promptly

examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and as it

is untimely, it is recommended that the petition be dismissed upon filing.[1]

## I.    BACKGROUND

Petitioner challenges his February 17, 2005, convictions upon his guilty pleas to

unauthorized use of a vehicle, aggravated attempting to elude a police officer, and leaving

---

[1]There is a question of whether Petitioner is even "in custody" on the convictions he
challenges here, see Brief in Support, 3, but as the "in custody" issue is not clear from the face of
the petition, the undersigned has chosen to address the untimeliness issue.  See King v. Ward, No.
98-7163, 1999 WL 644815 (10th Cir. Aug. 25, 1999) (declining to decide whether habeas petitioner
was "in custody," finding instead that petitioner failed to exhaust his state court remedies) (This and
any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1).

the scene of a motor collision without stopping for which he received a five year suspended sentence except for the first ninety days, a five year suspended sentence, and a one year suspended sentence respectively.[2]  Petition, 1; Case No. CF-2005-217, District Court of Oklahoma County, Docket.[3]  Petitioner did not seek to withdraw his guilty pleas or otherwise directly appeal his convictions.  Petition, 2.  Instead, on May 14, 2008, he filed an application for post-conviction relief which the trial court denied on July 24, 2008.  Petition, 3-4; Case No. CF-2005-217, District Court of Oklahoma County, Docket.  Petitioner appealed the trial court's denial of post-conviction relief, but the Oklahoma Court of Criminal Appeals affirmed the denial on October 29, 2008.  Petition, 4; Case No. PC-2008-795, Oklahoma Court of Criminal Appeals, Docket.  Petitioner then filed his petition for federal habeas relief with this Court on October 8, 2009.  Petition, 1.

Petitioner raises three separate claims for relief: 1) ineffective assistance of counsel, 2) double jeopardy, and 3) deprivation of his Fourth and Fourteenth Amendment rights. Petition, 6-10; Brief in Support, 4-9.

## II.   SCREENING REQUIREMENT

District courts are required to review habeas petitions promptly and dismiss a petition summarily "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."   Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, sua sponte, the

---

[2]Petitioner's suspended sentences were subsequently revoked.  Petition, 1.

[3]The undersigned has taken judicial notice of the publicly available court dockets from Petitioner's criminal action to verify the information provided in the petition.  Even without this information though, it is clear from the face of the petition that it is untimely.  See Petition, 6-11.

timeliness of a state prisoner's habeas petition." <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." <u>Id.</u> at 210. Further, when raising timeliness <u>sua</u> <u>sponte</u>, the district court "must assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." <u>Id.</u> (internal quotation marks omitted); <u>Thomas v. Ulibarri</u>, No. 06-2195, 214 Fed. App'x 860, 861 n.1 (10th Cir. Jan. 31, 2007). The district court may dismiss a habeas petition <u>sua</u> <u>sponte</u> only if its untimeliness is clear from the face of the petition. <u>Kilgore v. Attorney General of Colo.</u>, 519 F.3d 1084, 1085, 1089 (10th Cir. 2008). Initial review of the petition shows on its face that it was filed untimely. Thus, the undersigned recommends it be dismissed upon filing.

## III. APPLICABILITY OF AEDPA'S PERIOD OF LIMITATIONS

Petitioner first seems to contend that the one year period of limitations contained within the Antiterrorism and Effective Death Penalty Act (AEDPA) does not apply to this case because in denying his application for post-conviction relief, the Oklahoma Court of Criminal Appeals applied the wrong legal standard and did not address the merits of his claims, applying instead the doctrine of waiver. Petition, 15-16; Brief in Support, 2. In support, Petitioner states, "The deferential AEDPA standards of review do not apply if the State court employed the wrong legal standard in deciding the merits of the Federal Issue." <u>Id.</u> (citing <u>Cargle v. Mullin</u>, 317 F.3d 1196, 1202 (10th Cir. 2003)). Petitioner also claims, "For claims that the State did not address on the merits, we review legal conclusions of the

3

District Court De Novo." Id. at 16 (citing Bland v. Sirmons, 459 F.3d 999, 1010 (10th Cir. 2006)).  Petitioner's argument, as well as his reliance on Cargle and Bland, is misfounded.

Since Petitioner filed his habeas petition over thirteen years after AEDPA became effective, AEDPA's provisions, including its period of limitations, apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999); Durre v. Zenon, No. 04-1080, 116 Fed. App'x 179, 180 (10th Cir. Oct. 12, 2004).  Neither Cargle nor Bland dictate a different result.  In both cases, the petitioner timely filed his habeas petition, and neither case addressed the issue of whether AEDPA's period of limitations applied.  Cargle, 317 F.3d at 1199; see Bland 459 F.3d at 1008.  In Cargle, the Tenth Circuit found that the Oklahoma Court of Criminal Appeals applied the wrong legal standard in deciding the petitioner's ineffective assistance of appellate counsel claim and declined to accord the Court's decision § 2254(d) deference.  Cargle, 317 F.3d at 1205.  Similarly, the Bland Court held that § 2254(d) deference does not apply to claims the state court did not decide on the merits.  Bland, 459 F.3d at 1010.  However, AEDPA's other  provisions still apply regardless of whether the court accords § 2254(d) deference to a state court decision, and Petitioner has not shown otherwise.  Thus, AEDPA's period of limitations applies to this case.

## IV.    AEDPA LIMITATIONS PERIOD

AEDPA establishes a one year period of limitations for habeas claims brought by a state prisoner.  Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999).  This one year period runs from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Unless a petitioner alleges facts implicating subparagraphs (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction became final.  See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).  Petitioner has not alleged that subparagraphs (B), (C), or (D) apply here.  Thus, the petition's timeliness will be evaluated from the date Petitioner's convictions became final by expiration of time for seeking direct review.

As stated above, Petitioner pled guilty to the various charges against him and was sentenced on February 17, 2005.  Petition, 1.  Petitioner did not seek to withdraw his guilty pleas or otherwise appeal his convictions, and thus, they became final on February 27, 2005. See Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (citing Okla. Stat. tit. 22, § 1051; Rule 4.2, Rules of Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App.); Bynum v. Howard, No. 08-6221, 317 Fed. App'x 788, 789 (10th Cir. Mar. 20, 2009) ("When a defendant pleads guilty in Oklahoma state court and does not attempt to withdraw the plea or appeal, . . . the sentence becomes final after the expiration of the ten-day period in which

a defendant can seek to withdraw a plea under Oklahoma law."). Thus, the one year period of limitations began to run on February 28, 2005, and expired on February 28, 2006, absent tolling. Malone v. State, Nos. 03-6246, 03-6175, 100 Fed.Appx. 795, 796 (10th Cir. June 8, 2004) (the one year limitation period should be calculated using anniversary date method (citing United States v. Hurst, 322 F.3d 1256, 1260-61(10th Cir. 2003))); Haws v. Jorgensen, No. 05-4141, 219 Fed. App'x 781, 783 (10th Cir. Mar. 14, 2007)("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004"); see also Preston v. Gibson, 234 F.3d 1118 (10th Cir. 2000) (applying AEDPA's limitation period to petitioner's double jeopardy claims).

        In an attempt to fit his claim within the one year period of limitations, Petitioner claims he is "appealing" the Oklahoma Court of Criminal Appeals' October 29, 2008, order denying post-conviction relief, not his February 17, 2005, convictions. Petition, 15; Brief in Support, 3. Thus, Petitioner seems to claim that since the denial of state post-conviction relief is less than one year old, his federal habeas claim is timely under § 2254(d)(1)(A). See id. This argument is unavailing. The plain language of § 2244(d)(1)(A) makes it clear that the period of limitations begins to run from the date Petitioner's convictions became final. 28 U.S.C. § 2244(d)(1)(A) ("The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." (emphasis added)). Additionally, § 2254(d)(2) states that an application for state post-conviction relief only works to toll the period of limitations.

Further, the Tenth Circuit previously rejected a similar argument. <u>Burger v. Scott</u>, 317 F.3d 1133, 1138-39 (10th Cir. 2003). In <u>Burger</u>, the petitioner argued that his petition was timely because it was filed within one year after the Oklahoma Court of Criminal Appeals denied state post-conviction relief. <u>Id.</u> at 1138. The Court found this argument unpersuasive because "it ignore[d] the fundamental structure of the federal statute, which incorporates the concept of exhaustion of state remedies into a tolling provision rather than into the limitation itself." <u>Id.</u> Thus, the Court found that AEDPA's period of limitations begins to run at the latest of the four dates specified in § 2244(d)(1) and that any application for state post-conviction relief acts only to toll the limitations period. <u>Id.</u>; <u>see also</u> <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1142 (10th Cir. 2001) ("The limitations period generally runs from the date on which the state judgment became final after direct appeal . . . but is tolled during the time state post-conviction review is pending." (internal citations omitted)); <u>Castillo v. Williams</u>, No. 01-2052, 13 Fed.Appx. 885, 886 (10th Cir. July 17, 2001) (state post-conviction proceedings "pause[]- but [do] not reset- the limitations clock.").

Petitioner also seems to claim that the limitations period does not apply since his February 17, 2005, convictions were used to enhance his sentences on two subsequent convictions. Petition, 15; Brief in Support, 3. However, to the extent Petitioner is attacking his more recent convictions as enhanced by these convictions, any valid claim that remains would need to be brought in a habeas action challenging those more recent convictions. The undersigned has chosen not to construe Petitioner's enhancement argument as an attack on Petitioner's subsequent convictions as enhanced by these convictions for several reasons.

First, Petitioner may have other challenges to his new convictions and sentences that he may wish to raise in a federal habeas petition.  See Parker v. Jones, No. 07-6068, 260 Fed.Appx. 81. 84 (10th Cir. Jan. 7, 2008) (before recharacterizing a habeas petition, court should notify petitioner so he can take appropriate steps to protect his interests such as withdrawing the petition or adding additional claims), cert. denied 128 S.Ct. 2878 (2008); Davis v. Roberts, 425 F.3d 830, 835 (10th Cir. 2005) (same).  If the petition here is construed as an attack on those newer convictions, he might be barred from filing a future petition challenging those newer convictions as a second or successive petition.  See 28 U.S.C. § 2244(b).  Moreover, Petitioner has not provided sufficient information on the newer convictions to determine whether any habeas petition would be timely or if he has exhausted his state court remedies.

Thus, since Petitioner's arguments are rejected and since he did not file his habeas petition until October 8, 2009, it is untimely absent statutory or equitable tolling.

### A.      Statutory Tolling

"[A] properly filed application for State post-conviction or other collateral review" tolls the one year period of limitations during the time the application is pending.  28 U.S.C. § 2244(d)(2).  However, a state petition filed after the running of AEDPA's one year period of limitations has no tolling effect on the limitations period.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

As stated above, the federal period of limitations ran on Petitioner's habeas claims on February 28, 2006.  Prior to that date, Petitioner took no action sufficient to toll the period of limitations.  Instead, Petitioner waited until May 14, 2008, to file a petition for state post-

conviction relief.  Petition, 3.  Given that the post-conviction petition was filed over two years after the period of limitations ran on Petitioner's federal habeas claims, that filing did not toll the limitations period.  Thus, unless equitable tolling is appropriate, the Court must find the petition untimely.

### B. Equitable Tolling

AEDPA's one year period of limitation is subject to equitable tolling where its application could render the habeas remedy "inadequate and ineffective."  <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998).  However, equitable tolling is only available in "rare and exceptional circumstances."  <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000).  For instance, equitable tolling would be appropriate "when a prisoner is actually innocent, . . . when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."  <u>Id.</u>  (internal citations omitted).  Significantly, "[s]imple excusable neglect is not sufficient."  <u>Id.</u>  Further, the petitioner must "diligently pursue[] his claims and demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control."  <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000).  Thus, the Tenth Circuit "has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims."  <u>Burger v. Scott</u>, 317 F.3d 1133, 1141 (10th Cir. 2003).

In this case, the record does not support a finding of equitable tolling.  Petitioner does not explain his over three year delay for filing his petition with this Court, and he does not allege and the record does not show that he diligently pursued his federal claims. Accordingly, equitable tolling is not appropriate.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition be dismissed upon filing as untimely.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 25, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Court Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and to send a copy electronically to the Oklahoma Attorney General on behalf of the Respondent.

**ENTERED this 5th day of November, 2009.**


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE